# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| JACQUELINE GREEN-MORRIS, ) | |
| ) | |
| Petitioner, ) | Criminal No. 1:16-cr-190 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner Jacqueline Green-Morris's ("Petitioner") Motion to Set Aside and/or Correct her Sentence under 28 U.S.C. § 2255.

On August 30, 2016, Petitioner pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

At sentencing on January 27, 2017, the Court entered a Restitution Order stating Petitioner owed $4.1 million in restitution to Victim A pursuant to her plea agreement. The Petitioner also signed a consent order of forfeiture, which the Court entered at sentencing. The Court sentenced the Petitioner to 63 months imprisonment and 3 years of supervised release.

On February 8, 2017, Petitioner filed a notice of appeal from the Court's judgment order. The Fourth Circuit granted the government's motion to dismiss the appeal, noting that the Petitioner had "knowingly and voluntarily" waived her right to

appeal and she failed to raise any claim falling outside the scope of her waiver of appellate rights.

On October 24, 2017, Petitioner moved to set aside and/or correct her sentence, arguing that she was unable to hire counsel of her choice, she received ineffective assistance of counsel, the government violated her right to due process, and she made an unknowing and uninformed plea. The Government responded on January 29, 2018 and moved to dismiss the petition.

First, Petitioner argues that her attorney was ineffective. Petitioner argues that in negotiating her plea agreement, her counsel agreed to an amount of financial loss that was far greater than it should have been given her crime. Petitioner argues that if her attorney would not have been ineffective in this regard, her sentence would have been much shorter. Petitioner further alleges that her counsel's ineffective assistance created a restitution amount that were not part of her crime. Petitioner further alleges that her attorney was ineffective because he failed to object to certain enhancements in her sentence.

The U.S. Supreme Court held in Strickland v. Washington that the Sixth Amendment right to counsel includes the right to the effective assistance of counsel. 466 U.S. 668, 686 (1984). To establish a claim for ineffective assistance of counsel, a defendant must prove both that his counsel's conduct fell below

an objective standard of reasonableness and that the deficient performance caused the defendant actual prejudice. Id. at 687-88, 691-92. "The defendant bears the burden of proof as to both prongs of the [Strickland] standard." United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Under Strickland, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" 466 U.S. at 689. The Strickland standard is highly deferential to counsel. Id. at 686, 689, 690. The evaluation of a defense counsel's performance is made from his or her perspective at the time of the alleged error and in the light of all circumstances. Id. at 690.

To satisfy the second prong of the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In other words, a defendant must affirmatively prove prejudice that is so serious as to have deprived him of a fair trial, a trial whose result is unreliable. See id. at 693.

"Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S. at 700. Because "[t]he defendant bears the burden of proving Strickland prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." Fields v. Attorney General of Maryland, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466 U.S. at 697).

Further, "it is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." "It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired." Only when a defendant is not fairly apprised of the consequences can his plea be challenged under the Due Process Clause. Mabry v. Johnson, 467 U.S. 504, 508-09 (1984).

At sentencing, Petitioner was asked under oath in Court whether she was fully satisfied with the way her counsel had worked for her in the case, and she affirmed that she was. She also affirmed in Court that she had an opportunity to tell her attorneys everything she knew about the case. Petitioner also stated under oath that she felt she had been kept fully advised by her counsel throughout the negotiations of the plea agreement.

Petitioner now claims that her counsel decided to accept and

recommended to her that she accept a plea offer that consented to a loss amount that was much higher than what she was responsible for due to her crime. As the plea colloquy shows, Petitioner's counsel obtained discovery in this case and negotiated a plea agreement with the United States, as a reasonable and competent counsel would do under like circumstances. Furthermore, this Court, as well as the Fourth Circuit, found that Petitioner knowingly and voluntarily entered into the plea agreement based on her answers under oath in Court. Petitioner makes no showing that she was coerced, or that the plea agreement was not consensual. Further, Petitioner answered questions under oath affirming she understood the consequences of pleading guilty. This Court finds insufficient evidence that Petitioner's counsel's actions were unreasonable and deficient. Therefore, this Court finds Petitioner's claim of ineffective counsel is without merit.

Second, Petitioner argues that the government seized several of her assets, both related and unrelated to her crime, prior to her plea agreement, and as a result, she was unable to obtain counsel of her choice to defend her case. She argues the seizure of these assets is a violation of her constitutional rights under the Sixth Amendment of the U.S. Constitution.

Under 28 U.S.C. § 2255, a Petitioner may attack her sentence or conviction on the grounds that it was imposed in

violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The Petitioner bears the burden of proving grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A motion pursuant to § 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982) (internal citation omitted); see also Dragonice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004) (citing Frady, 456 U.S. at 164-65). In general, errors that should have been raised at trial or on direct appeal, but were not, are procedurally defaulted. Frady, 456 U.S. at 167-68.

There are three exceptions to the procedural default rule. First, procedural default will not act as a bar to collateral relief where a Petitioner demonstrates cause for the procedural default and actual prejudice therefrom. Frady, 456 U.S. at 167. Such an error must work to the "actual and substantial disadvantage" of the petitioner—not merely create a possibility of prejudice. Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting Frady, 456 U.S. at 170). Second, procedural default

will not act as a bar where a petitioner can demonstrate actual innocence in either a capital case or a case in which a recidivist sentencing enhancement was applied. United States v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999). Third, procedural default will not act as a bar where a petitioner brings a claim of constitutionally ineffective assistance of counsel. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Petitioner's claims are procedurally barred. Petitioner expressly consented to the forfeiture of the seized assets in the Plea Agreement and the Consent Order of Forfeiture. Moreover, the plea agreement explicitly stated the Petitioner waived her right to appeal "in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds." Petitioner has made no allegation that her plea agreement was coerced or entered into without full understanding or acceptance. Petitioner also failed to raise these claims on direct appeal.

Furthermore, Petitioner agreed in her plea agreement that restitution in this case was mandatory and agreed to the entry of a Restitution Order for the full amount of victim's losses. Petitioner explicitly agreed to both forfeiture and restitution, under oath at her change of plea hearing, in her written plea agreement, and at her sentencing. These statements were made under oath at the plea colloquy, which was deemed voluntary and

knowledgeable by both this Court and the Fourth Circuit. In view of all the evidence, this Court finds Petitioner's claim is without merit and she is not entitled to relief under § 2255.

For the aforementioned reasons, this Court finds Petitioner's claims do not entitle her to § 2255 relief. Therefore, Petitioner's motion should be denied.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 23, 2018